**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

GOVERNMENT EMPLOYEES INSURANCE
COMPANY, a Maryland Corporation,

    Plaintiff,

v.                                                    Case No. 3:10cv495/LAC

CAROLE CROTHERS BOEHMER, KARL R.
BOEHMER, INC., a Georgia Corporation,
MATTHEW JEREMIAH SHARP, TRACEY
ANN COX, individually, and TRACEY ANN
COX, as Administratrix of the Estate of Jason Cox,
deceased,

    Defendants.
_____/

## **O R D E R**

Before the Court is a Motion for Summary Judgment filed by Plaintiff Government Employees Insurance Company ("GEICO") and documents in support thereof (docs. 42-44, 49), to which Defendants have filed a responses (docs. 46-48). The Court has taken the motion under advisement and upon due consideration finds that Summary Judgment should be granted.

## I. LEGAL STANDARD

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). A genuine issue exists only if sufficient evidence is presented favoring the nonmoving party for a jury to return a verdict for that party. *See id.* at 249, 106 S. Ct. at 2510–11; *see also Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 918 (11th Cir. 1993) (finding that a court must view all the evidence, and all factual inferences reasonably drawn from the evidence, "in the light most favorable to the non-moving party" when determining whether a genuine issue exists).

The party moving for summary judgment bears the initial burden "of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *see also Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). Only when the moving party has discharged this initial burden does the burden shift to the nonmoving party to demonstrate there is a genuine issue of material fact precluding summary judgment. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160–61, 90 S. Ct. 1598, 1610, 26 L. Ed. 2d 142 (1970); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

## II. FACTUAL BACKGROUND

Plaintiff GEICO seeks a declaratory judgment determining that no insurance coverage is provided under Defendant Carole Boehmer's GEICO policy for any claims arising out of an automobile accident that occurred on May 24, 2009, in Long County, Georgia, involving a 2004 Chevy Silverado truck titled in the names of Defendant Karl R. Boehmer, Inc., a Georgia corporation; and Carole Boehmer.

The driver of the Silverado truck at the time of the accident was Defendant Matthew Sharp. Jason Cox was a passenger in the vehicle and was fatally injured. His wife, Defendant Tracey Ann Cox, filed suit in the state of Georgia on her own behalf and for the estate of her husband, naming Karl R. Boehmer, Inc., Matthew Sharp and Carole Boehmer as defendants. Liability against Carole Boehmer was premised upon her being the co-owner of the truck. *See* doc. 1, exs. B, C. The lawsuit commenced on March 29, 1020, and Ms. Cox amended her complaint to add Carole Boehmer as a defendant on August 30, 2010. *See* doc. 1, exhs. B, C. Sometime after this lawsuit was filed, Carole Boehmer sought coverage under her GEICO policy and defense of the claims against her. GEICO is currently providing legal defense for Ms. Boehmer under a reservation of rights.

The Silverado truck in question was purchased on May 7, 2007, by Kerstin Sharp, Matthew Sharp's wife and Carole Boehmer's daughter. At the time of purchase, Ms. Sharp was managing the day-to-day operations of Rogers Body Shop, the business that was owned by Karl R. Boehmer, Inc., and whose officers included Karl R. Boehmer as president, Carole

Boehmer as vice president and their daughter Kerstin Sharp as secretary/treasurer. Kerstin Sharp bought the truck for the use of Rogers Body Shop. Because of credit issues, Ms. Sharp decided that Carole Boehmer, her mother, should be on the title, and because she held a general power of attorney on behalf of Carole Boehmer, she signed her mother's name on the title.[1]

Rogers Body Shop declared bankruptcy and went out of business in December of 2008. During this time, and continuing through May 10, 2009, the truck was insured under a commercial auto policy issued to Karl R. Boehmer, Inc., by Auto Owners Insurance Company. After the body shop went out of business, Kerstin Sharp kept the truck at her home in Georgia for personal use.

According to her deposition testimony, Ms. Sharp stated that she discussed with Carole Boehmer whether the truck should be added to Ms. Boehmer's policy, but they decided against it. Ms. Boehmer had no recollection of this conversation, nor was she aware that her name was on the truck's title until July 20, 2010. At no time did Ms. Boehmer request that GEICO add the truck to her insurance policy. *See* doc. 44-4 at ¶4.

### III. ANALYSIS

Under Florida law, insurance contracts ordinarily must be construed in accordance with the plain language of the policy. *See Swire Pacific Holdings, Inc. v. Zurich Ins. Co.*, 845 So.2d 161, 165 (Fla. 2003). If the policy language can be reasonably interpreted in more

---

[1] While Karl R. Boehmer, Inc., also appears on the title, the seller would not permit the company being the only name on the title.

than one way, it is considered ambiguous, and in that event the ambiguity is construed in favor of the insured and strictly against the drafter. *Id.* However, insurance policies should not be interpreted in a manner that would lead to an absurd result. *Deni Assocs. of Florida, Inc. v. State Farm Fire & Cas. Ins. Co.*, 711 So.2d 1135, 1140 (Fla. 1998). In construing contract terms, courts should be careful to not "rewrite contracts, add meaning that is not present, or otherwise reach results contrary to the intentions of the parties."*Id.* (quoting *Excelsior Ins. Co. v. Pomona Park Bar & Package Store*, 369 So.2d 938, 942 (Fla. 1979)). A court should not overlook the plain language of the contract merely because it thinks it should have been drafted differently. *See Deni*, 711 So.2d at 1139. A contract provision should not be found ambiguous simply because it is complex and requires analysis for its application. *See Swire*, 845 So.2d at 185.

At the time her GEICO policy began, Carole Boehmer had expressly declared four different vehicles as covered under the policy, but not the Silverado truck in question. The policy provides in relevant part:

> SECTION I - LIABILITY - COVERAGE DEFINITIONS
> 4. "Insured" means a person or organization described under PERSONS INSURED.
> 5. "Non-owned auto" means a private passenger, farm or utility auto or trailer not owned by or furnished for the regular use of either you or a relative, other than a temporary substitute auto. An auto rented or leased for more than 30 days will be considered as furnished for regular use.
> 6. "Owned auto" means:
> > (a) a vehicle described in this policy for which a premium charge is shown for these coverages;
> > (b) a trailer owned by you;
> > ( c) a private passenger, farm or utility auto, ownership of which you acquire during the policy period, if

>> (i) it replaces an owned auto as defined in (a) above; or
>> (ii) we insure all private passenger, farm and utility autos owned by you on the date of the acquisition, and you ask us to add it to the policy no more than 30 days later;
> (d) a temporary substitute auto.

Defendants do not contend that the Silverado truck meets the definition of "Non-owned auto" as described in subsection 5, nor the definition of a "temporary substitute auto" as described in subsection 6(d). Likewise, they do not assert that the truck is an identified vehicle under 6(a), nor that it qualifies as a private automobile replacing one of the identified vehicles as per subsection 6(c)(i). Rather, they argue that the truck constitutes a vehicle that is added onto the policy under subsection 6(c)(ii).

In order for the truck to qualify as an added vehicle under the terms of the policy, the owner(s) must have asked GEICO to add the truck to the policy no later than 30 days after the date of the truck's "acquisition." As is clear from the facts, this was not accomplished. However, Defendants contend that the date of acquisition for purposes of this case should not be the date that the vehicle was actually purchased because the truck was purchased for use of Karl R. Boehmer, Inc., as a business vehicle, not as a private passenger vehicle as contemplated by the policy. As the argument goes, the truck only became eligible for addition to Carole Boehmer's policy when the truck was effectively "converted" to the personal use of Kerstin Sharp after the company went out of business and filed for bankruptcy.

If, however, the body shop declared bankruptcy and went out of business in December of 2008, that would impose a deadline of somewhere in January of 2009 for the Silverado truck to have been expressly added to the policy. Since the accident occurred on May 24, 2009, and there is no indication that GEICO was contacted before this date, it cannot be said that this deadline was met. Defendants appear to assert that, since the truck continued to be covered under its commercial policy until May 10, 2009, that this should be the start date from which the thirty days should be measured, but as Plaintiff points out, the existence or term of this separate policy hardly denotes the change or conversion in the manner of the actual usage of the truck. Rather, it is the closing of the body shop or dissolution of the business, if anything, that determines when the truck converted from business to personal use.

Furthermore, Defendants seem to assume that the date of the accident should be considered the date that GEICO was informed that the truck should be added to the GEICO policy, but this is not the case. Nothing in the policy would espouse such an interpretation, and in similar situations, case law has held that it is the affirmative act of requesting the addition of the vehicle to the policy, not the fact of the accident itself, that controls. *See Birmingham Fire Ins. Co. v. Rosado*, 42 So.3d 896, 898-99 (Fla. 5th DCA 2010) (finding that automobile did not qualify as a newly acquired vehicle under the subject insurance policy because no request was ever made for its addition to the policy, even though the vehicle was involved in an accident during the applicable thirty day period); *Lowe v. State Farm Mut. Auto. Ins. Co.*, 420 So.2d 318, 319 (Fla. 5th DCA1982). In fact, nowhere in the

record do Defendants even assert that Carole Boehmer ever requested of GEICO that the Silverado truck be added to the policy. Plaintiff acknowledges that Ms. Boehmer "made a formal attempt to notify GEICO of the existence of the 2004 Silverado" after she was served in the underlying state court litigation in August of 2010, but even if that notification were to constitute a request to add the truck to the GEICO policy, it would have occurred over a year after the accident.

The only possible construction of the thirty day period that would favor Defendants would be to set the commencement date as the termination of the commercial policy owned by Karl R. Boehmer, Inc., and set the "request date" as the date of the accident. As discussed above, such a construction is untenable. The Court therefore finds that no timely request was made to include the Silverado truck on Carol Boehmer's GEICO policy.

Accordingly, it is hereby **ORDERED**:

a. Plaintiff's motion for summary judgment (doc. 42) is **GRANTED**, and summary judgment is hereby entered in favor of Plaintiff.

b. It is the declaration of this Court that GEICO is entitled to deny liability coverage under its insurance policy issued to Carole Crothers Boehmer as described herein with reference to the aforementioned incident and further that GEICO owes no duty under this policy to defend in the underlying lawsuit relative to that incident.

c. The Clerk shall close this case.

**ORDERED** on this 29th day of February, 2012.

s/ *L.A. Collier*
Lacey A. Collier
Senior United States District Judge